UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:02cr257(CFD) |
| | : | |
| v. | : | |
| | : | |
| TYRUS PIERCE a.k.a. "Twist" | : | March 11, 2005 |
| | : | |

**GOVERNMENT'S THIRD SENTENCING MEMORANDUM**

In <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005) the Second Circuit interpreted the Supreme Court's decision in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) concerning the Sentencing Guidelines. Specifically, the court enumerated five criteria for district courts to consider in fashioning an appropriate sentence:

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (i) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence. Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

The Second Circuit cautioned that "it would be a mistake to think that, after <u>Booker/Fanfan</u>, district judges may return

-2-

to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum. On the contrary, the Supreme Court expects sentencing judges faithfully to discharge their statutory obligation to consider the Guidelines and all of the other factors listed in section 3553(a)." Id.(internal quotes omitted)

In this case, the government agrees that the Court should consider the factors submitted by the defendant in his sentencing memoranda.  Further, in fashioning an appropriate sentence, the Court should also consider (1) that the defendant has twelve prior convictions, including two prior convictions for the sale of narcotics; (2) that these offenses resulted in 26 criminal history points - - twice the number of points required to be placed in criminal history category VI; (3) that the defendant's criminal history includes instances of physical violence and flight from the police;[1] (4) that in 2002, approximately two days after he was arrested and released on state narcotics charges, he was intercepted on a federal wiretap asking Curtis Mayo where the "juice" was located;[2] and (5) that in

---

[1] See PSR ¶¶ 59, 62 and 63.

[2] See Government's Sentencing First Sentencing Memo at page 12 for a more complete description.

-3-

the process of fleeing from the authorities in this case, the defendant drove a motor vehicle directly at a car occupied by FBI Special Agent Robert Bornstein and then eluded law enforcement officers after a high speed motor vehicle chase through the streets of Hartford.  The Court should weigh all of the relevant factors when fashioning an appropriate sentence under the auspices of <u>Crosby</u> and <u>Booker</u>.

                                      Respectfully submitted,

                                      KEVIN J. O'CONNOR
                                      UNITED STATES ATTORNEY

                                              /s/
                                      RAYMOND F. MILLER
                                      ASSISTANT UNITED STATES ATTORNEY
                                      157 Church Street
                                      New Haven, CT
                                      Telephone (203) 821-3700
                                      Federal Bar No. CT20451

## **CERTIFICATION**

    I hereby certify that a copy of the foregoing was mailed on March 11, 2005 to

Thomas J. Murphy, Esq.
Sarah A. L. Merriam, Esq.
Cowdery, Ecker & Murphy LLC
750 Main Street
Hartford, Connecticut 06103

Dennis Linder, USPO
915 Lafayette Blvd
Bridgeport, CT 06604

                                            /s/
                                      RAYMOND F. MILLER
                                      ASSISTANT UNITED STATES ATTORNEY