**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :   No. 3:02CR00257(CFD)
UNITED STATES OF AMERICA      :
                              :
v.                            :
                              :
TYRUS PIERCE                  :
                              :   April 11, 2005
------------------------------x
```

## NOTICE TO THE COURT REGARDING RECENT JUDICIAL DECISIONS RELEVANT TO SENTENCING AND ATTACHING ADDITIONAL LETTER IN SUPPORT

The defendant filed a supplemental memorandum in aid of sentencing on March 4, 2005, addressing the impact of the Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005), and the defendant's sentencing was scheduled for April 12, 2005. While preparing last week for sentencing, counsel for the defendant determined that the Supreme Court's recent decision in Shepard v. United States, 125 S. Ct. 1254 (2005), may be relevant to this case. Accordingly, the defendant files this notice to bring the Shepard decision, and a related decision from the Fifth Circuit, to the attention of this Court, and to request that the Court consider these decisions in determining the appropriate sentence to be imposed in this case.

The defendant also attaches hereto, at Tab A, a letter in support of Mr. Pierce that was provided by June Maria Carlton, Mr. Pierce's counselor and case manager at the Donald W. Wyatt Detention Facility.

The defendant requested in his supplemental sentencing memorandum of March 4, 2005, that the Court sentence him to a term of 120 months of incarceration under the Supreme Court's decisions in Blakely v. Washington, 125 S. Ct. 2531 (2004), United States v. Booker, 125 S. Ct. 738 (2005), and pursuant to the dictates of 18 U.S.C. § 3553.  The defendant now brings the Shepard decision to the Court's attention, and submits that, under Shepard, the Court should impose a sentence of 120 months by finding that he should not be classified as a career offender, and by taking into account all of the factors set forth herein and in previous sentencing memoranda.  Under Blakely, Booker, and Shepard, a sentence of 120 months of incarceration is sufficient and appropriate for Mr. Pierce in this case.

In Shepard, the Supreme Court considered a defendant's claim that his sentence should not have been increased pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), because his prior convictions were the result of guilty pleas to a burglary statute which encompassed conduct which would not be a qualifying offense under the ACCA.  Specifically, Shepard had pled guilty to two counts of burglary under a Massachusetts statute that encompassed so-called "generic burglary," i.e., burglary involving entry into a building, as well as burglary involving entry into a boat or a car.  See Shepard, 125 S. Ct. at 1258.  Only burglary involving entry into a building is a

-2-

predicate offense under the ACCA; burglary involving entry into a
boat or car is not.  See id. at 1257.  Shepard argued that the
court could not look to police reports to determine whether the
convictions were for "generic burglary" and thus could be
predicate offenses under the ACCA.  See id. at 1258.

The Supreme Court agreed with Shepard, finding that under
Taylor v. United States, 495 U.S. 575 (1990), only certain
materials may be considered by a sentencing court in determining
the application of the ACCA.  In the case of a conviction
obtained by guilty plea, those materials are "the statement of
factual basis for the charge . . . shown by a transcript of plea
colloquy or by written plea agreement presented to the court, or
by a record of comparable findings of fact adopted by the
defendant upon entering the plea."  Shepard, 125 S. Ct. at 1259-
60.

The potential significance of Shepard to Mr. Pierce's
sentencing comes from the Supreme Court's discussion therein of
the relevance of Jones v. United States, 526 U.S. 227 (1999);
Apprendi v. New Jersey, 530 U.S. 466 (2000); and Almendarez-
Torres v. United States, 523 U.S. 224 (1998):

> The Government dismisses the relevance of the Jones-
> Apprendi implementation of the jury right here by
> describing the determination necessary to apply the ACCA
> as "involv[ing] only an assessment of what the state
> court itself already has been 'required to find' in order
> to find the defendant guilty."  Brief for United States
> 38 (quoting Taylor, supra, at 602).  But it is not that
> simple.  The problem is that "what the state court . . .

has been 'required to find'" is debatable.

_Shepard_, 125 S. Ct. at 1262.  As was the case in _Shepard_, it is

"debatable" what the state court found when Mr. Pierce pled

guilty to a charge in 1993.  As discussed in detail in the

defendant's original sentencing memorandum, _see_ Doc. # 254, the

transcript of the plea and sentencing for the 1993 conviction

leave considerable doubt as to whether Mr. Pierce in fact pleaded

guilty to simple possession or possession with intent to sell.

Simple possession is not a predicate offense which would support

a career offender designation.  This Court cannot determine,

based upon the materials appropriately before it at this stage,

the offense to which Mr. Pierce entered a plea; this Court cannot

determine whether the state court made a finding that Mr. Pierce

was knowingly pleading guilty to simple possession or to

possession with intent to sell.  Therefore, the Court cannot find

Mr. Pierce to be a career offender because doing so would require

the Court to resolve a disputed issue of fact.  The Supreme Court

held in _Shepard_ that such a finding was improper:

> [T]he sentencing judge considering the ACCA enhancement
> would . . . make a disputed finding of fact about what
> the defendant and state judge must have understood as the
> factual basis of the prior plea, and the dispute raises
> the concern underlying _Jones_ and _Apprendi_: the Sixth and
> Fourteenth Amendments guarantee a jury standing between
> a defendant and the power of the state, and they
> guarantee a jury's finding of any disputed fact essential
> to increase the ceiling of a potential sentence.  While
> the disputed fact here can be described as a fact about
> a prior conviction, it is too far removed from the
> conclusive significance of a prior judicial record, and

> too much like the findings subject to <u>Jones</u> and <u>Apprendi</u>,
> to say that <u>Almendarez-Torres</u> clearly authorizes a judge
> to resolve the dispute.  The rule of reading statutes to
> avoid serious risks of unconstitutionality, <u>see</u> <u>Jones</u>,
> supra, at 239, therefore counsels us to limit the scope
> of judicial factfinding on the disputed generic character
> of a prior plea, just as <u>Taylor</u> constrained judicial
> findings about the generic implication of a jury's
> verdict.

<u>Shepard</u>, 125 S. Ct. at 1262-63 (internal footnote omitted).  In

order to find Mr. Pierce to be a career offender, the Court would

have to do exactly what the sentencing court in <u>Shepard</u> was not

permitted to do: "make a disputed finding of fact about what the

defendant and state judge must have understood as the factual

basis of the prior plea[.]"  <u>Id.</u> at 1262.  <u>Shepard</u> tells us that

just because the dispute here relates to a prior conviction does

not mean that, under <u>Almendarez-Torres</u>, the Court may resolve

that dispute.  <u>See</u> <u>id.</u> at 1262.

In this case, the only materials available to the Court

which would establish the nature of the 1993 conviction are the

information and judgment form and the transcript of the guilty

plea.  The transcript is sufficient to create a disputed question

of fact as to the offense for which Mr. Pierce was convicted,

regardless of what the judgment form says.  Furthermore, the

judgment form is not reliable evidence on which to base this

determination.

The Fifth Circuit has recently held in <u>United States v.</u>

<u>Gutierrez-Ramirez</u>, -- F.3d --, 2005 WL 762664 (5th Cir. Apr. 5,

2005), that a California state court "abstract of judgment" alone is not sufficient to establish the validity and nature of a defendant's prior conviction.  The court's concern about relying on the abstract arose out of the fact that an abstract "is generated by the court's clerical staff, so it is not an 'explicit factual finding by the trial judge to which the defendant assented,' which the court may consider under <u>Shepard</u>." <u>Id.</u> at *5.  The court also noted that the abstract is not always reliable because the form used "simply calls for the identification of the statute of conviction and the crime, and provides a very small space in which to type the description.  It does not contain information as to the criminal acts to which the defendant unequivocally admitted in a plea colloquy before the court[.]"  <u>Id.</u> at * 4.

The Fifth Circuit might just as well have been describing the information and judgment form on which Mr. Pierce's 1993 conviction is recorded.  <u>See</u> Judgment Form, attached hereto at Tab B.  The form provides only a very small space in which to describe the offense of conviction, and that portion of the form, headed "Title, Allegation, and Counts" is apparently completed by the state's attorney's office.  The "Court Action" section of the form is apparently completed by a clerical employee of the court.  Again, there is minimal space for details of the conviction.  The only indication of a guilty plea is the letter "G" under a column

-6-

headed "plea" and, likewise, the only indication of a conviction
is the letter "G" under a column headed "verdict finding."

Neither the defendant nor his attorney is required to sign
the form, nor is there any evidence that the defendant or his
attorney, in this case, ever saw the form or received a copy of
it.  The form at issue here does not even indicate whether the
defendants was represented by counsel, and the space in which the
judge is supposed to sign to indicate that the defendant has been
advised of his rights before entering a plea is blank.  In fact,
it is not at all clear whether the judge that sentenced Mr.
Pierce signed the form at all; the space marked "Signed (Judge on
Orig. Disp.)" is marked with an "X" and possibly a signature, but
under the column marked "Judge (Other than Orig. Disp.)" is
written "S/Norko" in what appears to be the handwriting of the
clerk who completed the form.

In sum, the Connecticut state court judgment form -- like
the California abstract of judgment -- is an unreliable source of
information regarding the offense of conviction, and should not
be relied upon by the Court in determining whether Mr. Pierce is
a career offender.  Even if the judgment form, standing alone,
would support a finding that the conviction was a qualifying
predicate offense for career offender purposes, the Supreme Court
has declared that a sentencing court should consider "a
transcript of a plea colloquy" in determining the nature of a

-7-

prior state conviction for purposes of enhancing a federal sentence. <u>Shepard</u>, 125 S. Ct. at 1259. The transcript of the plea colloquy in this case suggests that Mr. Pierce pleaded guilty to the offense of simple possession, <u>not</u> the offense of possession with intent to sell, as reflected on the judgment form. <u>See</u> Transcript, attached hereto at Tab C. Prior to imposing sentence, the court stated that he was accepting a plea of guilty from Mr. Pierce to "[t]he crime of <u>possession 279(c)</u>. The crime is the <u>possession of the marijuana</u>. It carries one year, $1,000 or both." Transcript at 5 (emphases added). The "279(c)" referred to by the court in that statement is Conn. Gen. Stat. § 21a-279(c), which sets forth the offense of simple possession. The prosecutor's description of the offense said only that Mr. Pierce was seen by the arresting officers to "drop eight bags of marijuana to the ground." Tr. at 3. Neither the prosecutor nor the judge ever mentioned the actual sale of, or intent to sell, marijuana.

In <u>Shepard</u>, the Supreme Court declared that not every factor that relates to a prior conviction is exempted from the scope of <u>Apprendi</u> and its progeny; to the contrary, the Court held that a sentencing court may not "make a disputed finding of fact about" the meaning of a prior state court plea. <u>Shepard</u>, 125 S. Ct. at 1262. Such questions are for a jury to decide under <u>Jones</u> and <u>Apprendi</u>. <u>Shepard</u> further makes clear that a sentencing court

should consider the plea colloquy in determining whether a prior state conviction may be used to enhance a federal sentence. The defendant respectfully submits that there exists a factual dispute as to whether Mr. Pierce's 1993 conviction was for an offense that would satisfy the career offender provision of the sentencing guidelines, and, under the Supreme Court's recent rulings, the Court may not resolve that dispute in such a way that would increase the defendant's presumptive sentence.

As an alternative means to reaching the same sentence suggested in the defendant's previous memoranda, the defendant further requests that this Court find that the government has failed to establish that he is subject to the career offender provisions of the advisory sentencing guidelines, and, taking into account all of the other relevant factors in this case, that the Court sentence him to a term of 120 months of incarceration.

Respectfully submitted,

THE DEFENDANT,
TYRUS PIERCE

By: _____
Thomas J. Murphy (ct07959)
Sarah A. L. Merriam (ct25379)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT  06103
(860) 278-5555
(860) 249-0012 Fax
E-mail: tmurphy@cemlaw.com
E-mail: smerriam@cemlaw.com

-9-

## CERTIFICATE OF SERVICE

I certify that on April 11, 2005, a copy of the foregoing was sent as follows to:

**BY FACSIMILE AND FIRST CLASS MAIL**

Raymond Miller, Esq.
Assistant United States Attorney
United States Attorney's Office
450 Main Street
Hartford, CT  06103

**BY FACSIMILE AND FIRST CLASS MAIL**

Mr. Dennis Linder
United States Probation Officer
United States Probation Office
915 Lafayette Boulevard
Bridgeport, CT  06604


Sarah A. L. Merriam

A

March 14, 2005


Attorney Sarah A.L. Merriam
750 Main Street
Hartford
Connecticut, 06103


**RE: Tyrus Pierce**


Dear Attorney:

Please be advised detainee Tyrus Pierce ID# 14946-014, was received at the Donald W.Wyatt Detention Facility on February 2003. He is being held for conspiracy to distribute charges.

Since being held at our facility, Pierce has maintained a positive attitude and adjustment. He has remained infraction free. He has made an honest effort by participating in programs offered at the facility. He is currently enrolled in the Alternatives to Violence Program. He was hired as a Unit Worker, and receives good evaluations from the staff regarding his work performance.

Mr. Pierce has attempted to improve himself by active participation with what the facility has offered him.

If you should have further issues or concerns, feel free to contact my office at (401) 729-1190 extension 177.

Sincerely yours,



June Maria Carlton
Case Manager

B

**INFORMATION**
JD-CR-71 (Rev. 4-9)

OCT 1 5 1993

STATE OF CONNECTICUT
**SUPERIOR COURT**

DISPOSITION DATE  OCT 1 5 1993

## TITLE, ALLEGATION, AND COUNTS

STATE OF CONNECTICUT VS. (Name of Accused)

_Teresita Pagan_

ADDRESS

TO BE HELD AT (TOWN)

GA/GEOGRAPHICAL AREA/DOCKETING

COURT DATE

The undersigned Deputy Assistant State's Attorney of the Superior Court of the State of Connecticut in said Geographical Area on his oath of office complains, deposes, and alleges that he has reason to believe and does believe that

**FIRST COUNT—DID COMMIT THE CRIME OF**

_Possess Controlled Substance w/intent to sell_

AT (TOWN)          ON OR ABOUT  9-14-93     IN VIOLATION OF GENERAL STATUTE NO.  21a-277(b)

**SECOND COUNT—DID COMMIT THE CRIME OF**

AT (TOWN)          ON OR ABOUT          IN VIOLATION OF GENERAL STATUTE NO.

**THIRD COUNT—DID COMMIT THE CRIME OF**

AT (TOWN)          ON OR ABOUT          IN VIOLATION OF GENERAL STATUTE NO.

☐ SEE SECOND SHEET FOR ADDITIONAL COUNTS

DATE

SIGNED (DEPUTY ASSISTANT STATE'S ATTORNEY)

| CONTINUED TO | PURPOSE | REASON |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |

## COURT ACTION

DEFENDANT ADVISED OF RIGHTS BEFORE PLEA

(JUDGE)          (DATE)

☐ ATTY.   ☐ PUB. DEFENDER     GUARDIAN

BOND     SURETY     ☐ CASH

ELECTION  ☐ COURT  ☐ JURY

REDUCTION   B.O.   APPEAL

ELECTION WITHDRAWN DATE  ☐   ☐ SEIZED PROPERTY

| DATE OF PLEA | PLEA | PLEA WITHDRAWN DATE | NEW PLEA | VERDICT FINDING | FINE | DAYS IN JAIL | ADDITIONAL DISPOSITION |
|---|---|---|---|---|---|---|---|
| FIRST COUNT OCT 1 5 1993 | AFG | | | G | | | Prob waived  Costs waived |
| SECOND COUNT | | | | | | | 3 yrs E/S 3 yrs Prob |
| THIRD COUNT | | | | | | | |

STATE'S ATTY. ON ORIG. DISP.  _Marelli_

REPORTER ON ORIG. DISP.  DP

SIGNED (CLERK ON ORIG. DISP.)

SIGNED (JUDGE ON ORIG. DISP.)

DATE  OCT

**OTHER COURT ACTION**

JUDGE (OTHER THAN ORIG. DISP.)  Singko

① Psych, sub abuse counsel test - treat as deemed nec by TID

② random urines

FINE PAID     RECEIPT NO.     MITTIMUS ISSUED (DATE)     TRIAL (TOWN)

☐ SEE REVERSE SIDE

C

1

No.  CR93-0438847 S          :    STATE OF CONNECTICUT

STATE OF CONNECTICUT         :    SUPERIOR COURT

v.                           :    JUDICIAL DISTRICT OF

TYRUS PIERCE                 :    HARTFORD AT HARTFORD

_____    :    October 15, 1993


**B E F O R E:**

   The Honorable Raymond R. Norko, Judge


**A P P E A R A N C E S:**

   On behalf of the Plaintiff:

        State's Attorney Office

        101 Lafayette Street

        Hartford, CT 06106

   BY:   Richard Morrelli, ASA

   On behalf of the Defendant:

        Public Defender's Office

        101 Lafayette Street

        Hartford, CT 06106

   BY:  Ross Delaney, APD


                        DONNA L. PELUSO

                        COURT REPORTER/MONITOR

1    (In open court).

2        MR. MORRELLI:  Tyrus Pierce.  115 and 116,

3    followed by Edwardo Morgose (Phonetic).  Is Pierce

4    going to plea?

5        MR. DELANEY:  I'm sorry.  Where are we now?

6        MR. MORRELLI:  Tyrus Pierce.

7        MR. DELANEY:  Oh, yes, Mr. Pierce is going to

8    plead.

9        MR. MORRELLI:  All right.  On 445844, which is

10    line 116, I hope.  Is that correct?  I have a sub

11    information.

12        THE CLERK:  Tyrus Pierce, in Docket No.

13    CR93-445844, on a substitute information, in violation

14    21a-277(b), possession of controlled substance with

15    intent to sell.  How do you plead, guilty or not

16    guilty.

17        THE DEFENDANT:  Guilty.

18        MR. MORRELLI:  He did plea?  Okay.

19        MR. DELANEY:  It's Alford plea, Your Honor.

20        THE COURT:  Alford plea.

21        MR. DELANEY:  I'm trying to remember which file it

22    is.

23        THE COURT:  It's all right.

24        MR. DELANEY:  I'm sorry.

25        MR. MORRELLI:  December 14th, Nelton Court, Your

26    Honor, a -- several individuals were standing in front

27    of 107 Nelton Court, and the officer recognized them

1    and began to approach them.  And in that area, which is

2    illuminated, they observed, as they approached, this

3    accused drop eight bags of marijuana to the ground.

4         The state is recommending a three-year jail

5    sentence suspended, probation for three years.  He's

6    been in custody since 9/15.  The state would enter a

7    nolle on the other file.

8         THE COURT:  It's an Alford plea.  Now, Mr. Pierce

9    did Mr. Delaney explain to you what an Alford plea

10   means?

11        THE DEFENDANT:  Yes.

12        THE COURT:  All right.  I'm going to explain it to

13   you again to make sure you understand it.  And if you

14   don't understand it, let me know.

15        Alford says this.  You don't agree with all the

16   facts just indicated on the record by the state; but

17   you've come to the conclusion, after talking to Mr.

18   Delaney, that if you went to trial, you could be found

19   guilty beyond a reasonable doubt.

20        So you're saying to the court, judge, accept my

21   plea without me admitting all the facts, because you

22   want the sentence that's being recommended here; and

23   the sentence is, basically, a walk.  Is that your

24   understanding?

25        THE DEFENDANT:  Yes, Your Honor.

26        THE COURT:  And even though this is an Alford

27   plea, Mr. Pierce, do you understand that if the Court

4

1  feels there's a sufficient factual basis for the plea,

2  I'd make a finding of guilty, as I would in any other

3  case?

4       THE DEFENDANT:  Yes.

5       THE COURT:  And you're also waiving your right --

6  even though this is an Alford plea, you're waiving your

7  right to a trial, you're waiving your right to have any

8  witnesses called, and you had a right to trial with the

9  assistance of Mr. Delaney.  You will not have a trial

10  now, do you understand that?

11       THE DEFENDANT:  Yes.

12       THE COURT:  Is anyone forcing you to do this

13  today?

14       THE DEFENDANT:  No.

15       THE COURT:  I know you were in the lockup, but

16  have you had any medicine, drugs or alcohol today?

17       THE DEFENDANT:  No.

18       THE COURT:  And are you on probation or parole?

19  You've got to speak.

20       THE DEFENDANT:  No, Your Honor.

21       THE COURT:  And do you have any other cases

22  pending besides these?

23       THE DEFENDANT:  No.

24       THE COURT:  And you don't feel forced into this

25  plea today, do you?

26       THE DEFENDANT:  No.

27       THE COURT:  And you think Mr. Delaney has done a

5

1    good job for you as your lawyer?

2        THE DEFENDANT:  Yes.

3        THE COURT:  All right.   The Court will make the

4    following finding:  The plea entered, under the Alford

5    Doctrine by Mr. Pierce, has been entered voluntarily by

6    him.  He understands -- all right.

7        The crime of possession 279(c).  The crime is the

8    possession of the marijuana.  It carries one year,

9    $1,000 or both.  He understands the crime charged, the

10   consequence of his plea.  He's indicated he's had

11   effective assistance of counsel.  The Court finds a

12   sufficient factual basis for the plea.  The Court will

13   enter a finding of guilty.

14       Add anything to the record, Mr. Delaney?

15       MR. DELANEY:  No, Your Honor.  But I -- well,

16   there is one thing I'd like to add:  I have a $5 wager

17   with the young man that he's going to make it through

18   the probation.

19       I just want to make that a matter of record in

20   case he tries to welsh later, and he's successful;

21   but --

22       THE COURT:  The Court will sentence the defendant

23   to the Commissioner of Correction for a period of three

24   years; execution suspended, put on probation for a

25   period of three years.

26       Special condition of probation.  The usual by this

27   Court:  Psychiatric, psychological, alcohol or drug

6

1    counselling, including random urine testing during the

2    period of probation.  Cost and fees will be waived on

3    open counts and open files.

4         MR. DELANEY:  Thank you, Your Honor.

5         THE COURT:  You're welcome.

6         (Whereupon, this matter was concluded).

7

1                         SUPERIOR COURT

2              JUDICIAL DISTRICT OF HARTFORD

3                         AT HARTFORD

4

5    STATE OF CONNECTICUT      :      CR93-0445844 S

6    V.                       :      October 15, 1993

7    TYRUS PIERCE             :

8    _____:

9

10

11                  C E R T I F I C A T E

12

13        I, Donna L. Peluso, Court Reporter/Monitor, certify

14   that the foregoing is, to the best of my ability, a true and

15   accurate phonetic transcription of the proceedings had in the

16   above-entitled case, before The Honorable Raymond R. Norko,

17   Judge.

18             This the 17th day of March, 2004.

19

20

21

22             _Donna L. Peluso_____

23                       Donna L. Peluso

24                  COURT REPORTER/MONITOR

25

26

27